**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ERLER, | No. 14-16981 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-00340-LRH-VPC |
| v. | |
| CONNIE BISBEE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Robert Erler appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging due process and equal

protection violations in connection with his parole hearings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Huftile v. Miccio-Fonseca*, 410 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1136, 1138 (9th Cir. 2005) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003) (dismissal under 28 U.S.C. § 1915A). We reverse and remand.

The district court dismissed Erler's action under *Wilkinson v. Dotson*, 544 U.S. 74 (2005), because it concluded that Erler's claims sound in habeas and challenge the validity of his confinement. However, because Erler sought a new parole hearing and not immediate or speedier release, success in this action would not necessarily demonstrate the invalidity of Erler's continued confinement or its duration. *See id.* at 81-82 (allowing procedural challenges to parole hearings because the injunctive and declaratory relief that plaintiffs sought under § 1983 "*would not necessarily* spell immediate or speedier release"); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("Ordinarily, a prayer for . . . prospective relief [to engage in a particular procedure] will not 'necessarily imply' the invalidity of a previous [decision], and so may properly be brought under § 1983."). Accordingly, we reverse the dismissal of Erler's action. We express no opinion on the merits of Erler's claims or his entitlement to the relief sought.

In light of our disposition, we do not consider Erler's contentions regarding the denial of his Federal Rule of Civil Procedure 60(b) motion for reconsideration.

**REVERSED and REMANDED.**

14-16981